IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| THOMAS J. SIMMONS and TIFFANY SHAY SIMMONS,<br><br>     Plaintiffs,<br><br><br><br>vs.<br><br><br><br>CITIMORTGAGE INC., UNITED SECURITY FINANCIAL, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., MERSCORP, INC.,<br><br>     Defendants. | MEMORANDUM DECISION AND ORDER<br><br><br><br><br><br>Case No. 2:11-CV-171<br><br>Judge Dee Benson |

Before the Court are the parties' cross motions for partial summary judgment. (Dkt. Nos. 38 & 41.) The dispute centers on whether the notice of rescission given by the defendant lender to the plaintiff borrowers was "clear and conspicuous" as required by 12 C.F.R. § 226.23(b)(1). Under the circumstances, the Court finds the reference in the notice of rescission to "3 business days" was not clear and conspicuous. Accordingly, summary judgment on plaintiffs' fourth cause of action is proper.

**BACKGROUND**

The Simmonses closed on a home mortgage loan for $328,606, on Wednesday, April 2,

1

2008.  During the closing plaintiffs were given standard form 38-43 which informed them that, among other things, they had "3 business days" from the latest of 3 events in which to rescind the transaction, as follows:

> You are entering into a financial transaction that will result in a mortgage/deed of trust/lien on your home.  You have a legal right under federal law to cancel this transaction, without cost, within three business days from whichever of the following events occurs last: (1) the date of the transaction, which is April 1 2008 or; (2) the date you received your Truth in Lending disclosures; or (3) the date you received this notice of your right to cancel.

(Dkt. No. 47, Defs.' Mem. In Opp'n at 6.)

It is undisputed that the applicable date from which the "3 business days" period began was the date of closing, that is, Wednesday, April 2, 2008.  Accordingly, because the closing was on a Wednesday, the final date to rescind would either be Saturday, April 5, 2008, if Saturday was considered a "business day," or Monday, April 7, 2008, if Saturday was not counted as a business day.

According to Mr. Simmons, he was unhappy with the interest rate, and therefore attempted to rescind the loan transaction by going to the bank on Monday, April 7, 2008.  His effort was rejected by the bank on the ground that the final date for rescission had been the previous Saturday.

Mr. Simmons claims he didn't think or know that Saturday qualified as a business day.

As it turns out, Mr. Simmons was wrong, at least according to Regulation Z, 12 C.F.R. § 226.1 *et seq.*, which specifically includes Saturdays as business days, as follows:

> Business day means a day on which the creditor's offices are open to the public for carrying on substantially all of its business functions.  However, for purposes of rescission under §§ 226.15 and 226.23, and for purposes of §§ 226.19(a)(1)(ii),

>226.19(a)(2), 226.31, and 226.46(d)(4), the term means all calendar days except Sundays and the legal public holidays specified in 5 U.S.C. 6103(a), such as New Year's Day, the Birth of Martin Luther King, Jr., Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans Day, Thanksgiving Day and Christmas Day.

12 C.F.R. § 226.2(a)(6).

## THE LAW

The Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*, requires the borrower to be "clearly and conspicuously" informed of the date the rescission period expires. The pertinent regulation, 12 C.F.R. § 226.23(b)(1), reads:

> (b)(1) *Notice of right to rescind.* In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the notice is delivered in electronic form in accordance with the consumer consent and other applicable provisions of the E-Sign Act). The notice shall be on a separate document that identifies the transaction and *shall clearly and conspicuously* disclose the following:
> . . .
> (v) The date the rescission period ends.

Id. (emphasis added).

The principal issue presented by the parties' motions is whether this legal standard requiring the notice to "clearly and conspicuously disclose" the "date the rescission period expires" was complied with under the facts of this case. The plaintiffs assert the standard has not been met because the notice they received "is subject to more than one sensible reading." They cite several cases in support, including: Williamson 414 v. Lafferty, 698 F.2d 767, 768-69 (5th Cir. 1983); Barnes v. Chase Home Finance, LLC, 825 F. Supp. 2d 1057, 1067 (D. Or. 2011); Aubin v. Residential Funding Co., LLC, 565 F. Supp. 2d 392 (D. Conn. 2008); New Maine National Bank v. Gendron, 780 F. Supp. 52, 55 (D. Me. 1991); Mayfield v. Vanguard S&L

Ass'n, 710 F. Supp. 143, 146 (E.D. Pa. 1989); and Aquino v. Public Finance Consumer Discount Co., 606 F. Supp. 504, 507 (E.D. Pa. 1985).

The plaintiffs also cite the United States Court of Appeals for the Tenth Circuit's pronouncement that TILA is to be read liberally in favor of consumers. Rosenfield v. HSBC Bank, 681 F.3d 1172, 1179 (10th Cir. 2012) ("As a remedial statute, TILA must be construed liberally in favor of the consumer.")

The defendants claim the notice was clear and conspicuous and in any event they cannot be held liable because they used an official form which gives them a presumption of compliance. See 15 U.S.C. § 1635(h). They cite in support an unpublished case from the United States Court of Appeals for the Fifth Circuit, Kelly v. Performance Credit Corp., 2009 WL 3308030 (D. Mass. April 14, 2009).

## **ANALYSIS**

The Court agrees with plaintiffs' position. The Court finds the case of Aubin v. Residential Funding Company, LLC, 565 F. Supp. 2d 392 (D. Conn. 2008), to be especially apt, with facts and legal questions virtually identical in most respects to the instant case. Both cases involved Wednesday closings, and in both cases the lender employed Model Form H-8 to inform the borrower of the deadline for rescinding. The court in Aubin found the rescission notice to be less than "clear and conspicuous" and rejected the defendant's argument that it should be shielded from liability because it used rescission Model Form H-8, explaining its reasoning as follows:

> [W]hile the Rescission Notice refers to "business day," it never defines "business day" or tells the consumer when to begin counting business days or how to count

>them.  Indeed, it would likely surprise the average person (it certainly surprised this judge) to learn that "Saturday" is included within TILA's definition of a "business day."
>
>. . . .
>
>It seems apparent to this Court that the average consumer would believe that "business days" are confined to "Monday through Friday."  See Wikipedia, http://en.wikipedia.org/wiki/Business day ("In the Western world, Saturdays and Sundays are not counted as business/working days."); see also Black's Law Dictionary 402 (7th ed. 1999) (defining "business day" as "A day that most institutions are open for business.  A day on which banks and major stock exchanges are open, excluding Saturdays and Sundays.")  That would not necessarily be fatal to Defendants' defense of the Rescission Notice except for the fact that in this particular case the third business day was in fact a Saturday.  The Aubins singed the Rescission Notice on March 1, 2006, a Wednesday, which meant that if they stared counting on the next day (as TILA requires) their rescission period expired three business days later, on March 4, 2006, a Saturday.  However, the Court believes that the average consumer calculating three business days following the closing would have arrived at an expiration date of March 6, 2006, a Monday, not March 4, a Saturday.  At a bare minimum, it is certainly not clear to the average consumer when precisely three business days following the closing expired.  Accordingly, the Rescission Notice did not "clearly and conspicuously" disclose [to the Aubins] the date the rescission period expire[d]."  12 C.F.R. § 226.23(b)(1)(v).  Cf. Handy, 464 F.3d at 764 ("Where more than one reading of a rescission form is 'plausible,' the form does not provide the borrower 'with a clear notice of what her right to rescind entails'" (quoting In re Porter, 961 F.2d at 1077 (alteration mark omitted))); Williams v. Empire Funding Corp., 109 F. Supp.2d 352, 358-61 (E.D. Pa. 2000).  These same factors compel the Court to conclude that even if, as Defendants argue, a presumption of TILA compliance was created by their use of the H-8 – Rescission Model Form, the Aubins have successfully overcome that presumption on the particular facts of this case.

Id.

The notice given to the Simmonses was subject to more than one sensible reading.  At the very least, ascertaining the precise meaning of "business day" would require further inquiry.  Under these circumstances, the language cannot qualify as clear and conspicuous.  There can be no question that any person, no matter how sophisticated, after reading the notice would need to do something to ascertain whether Saturday does or does not qualify as a "business day."  This

inquiry could involve an effort to know whether the lender was open for business on Saturdays (although this would not definitively end the inquiry) and also whether Saturdays are "business days" within the meaning of the law.  But regardless what steps would need be taken to understand what the notice means, it is clear something must be done to get a "clear" understanding of when the rescission deadline expires.  The mere fact that something must be done is sufficient to disqualify the notice from being "clear and conspicuous."

## CONCLUSION

Plaintiffs' motion for partial summary judgment is granted as to cause of action number 4, finding that plaintiffs are entitled to a three-year rescission period.  Whether the plaintiffs have otherwise met their rescission obligations cannot be determined on summary judgment on the present state of the record.  The parties are invited to further address this issue with supplemental briefing.

DATED this 3rd day of January, 2014.

_____
Dee Benson
United States District Judge